**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **RECONSIDERATION OF DETENTION ORDER** |
| vs. | ) | **AND SETTING CONDITIONS OF RELEASE** |
| | ) | |
| Carleen Ann Red Bear, | ) | Case No. 1:23-cr-121 |
| | ) | |
| Defendant. | ) | |

On November 3, 2023, the court issued an order detaining Defendant, finding that the United States had met its evidentiary burden in demonstrating that there were presently no alternatives of detention that would ensure the community's safety and assure Defendant's future appearance. (Doc. No. 18). Defendant is being held at the Burleigh Morton Detention Center in Bismarck, North Dakota.

On March 19, 2024, Defendant filed a Motion for Reconsideration of Order of Detention. (Doc. No. 30). She advises that she has secured a placement at Hope Manor in Bismarck, North Dakota. She requests to be conditionally released to Hope Manor.

There being no objection from the United States, the court **GRANTS** Defendant's motion. (Doc. No. 30). Defendant shall be released no earlier than 12:00 PM on March 20, 2024, to a representative of Hope Manor for transport to Hope Manor. Defendant's release is subject to the following conditions:

(1)     Defendant shall not violate federal, state, tribal, or local law while on release.

(2)     Defendant shall appear in court as required and surrender for any sentence imposed.

(3)     Defendant shall refrain from the use of alcohol; any use or possession of a narcotic

1

drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4)     Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)     Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

(6)     Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

(7)     Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(8)     Defendant shall not knowingly or intentionally have any direct or indirect contact with any witnesses or the alleged victim, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(9)     Defendant shall reside at Hope Manor, fully participate in its programming, and comply with all of its rules and regulations.

(10)     Defendant shall maintain or actively seek employment.  Employment must be approved by the Pretrial Services Officer.

(11)    Defendant shall submit her person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer.  Failure to submit to a search may be grounds for revocation of her release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(12)    Defendant shall not obtain a passport and other foreign travel document(s).

(13)    Defendant must report as soon as possible, to the Pretrial Service Office or her supervising Pretrial Service Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court